UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR AHAIWE,

Plaintiff,

-against-

UNITED STATES OF AMERICA; JUDGE DENISE COTE; KEVIN MEAD; JUN XIANG; PLUS – 26 OTHER COURT OFFICIALS,

Defendants.

ORDER OF DISMISSAL

25 Civ. 5171 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Victor Ahaiwe, who appears *pro se*, filed this action while held in a federal Residential Reentry Center ("RRC") (a halfway house) in Rubidoux, California. He brings this action under 42 U.S.C. § 1983 seeking damages, injunctive relief, and declaratory relief. (*See* Compl., ECF No. 1.) Plaintiff sues: (1) the United States of America; (2) the Honorable Denise Cote, a District Judge of this court; (3) Kevin Mead, Esq., an Assistant United States Attorney; (4) Jun Xiang, Esq., another Assistant United States Attorney; and (5) "26 other court officials." (*Id.*)

After filing his complaint, Plaintiff made numerous other submissions, including: (1) an "Addendum to Complaints of Allegations for Civil Rights Violations," (Suppl., ECF No. 11,) which the Court construes as a supplement to the complaint; (2) an "Emergency Motion for Recusal of All Judges Previously Involved in Criminal Proceedings and for Appointment of Independent Special Master; and Incorporated Memorandum of Law in Support of Claims of Systemic Constitutional Violations," (ECF No. 12); (3) a "Rule 60(b)(4) Motion to Vacate Void Judgment, Motion to Reopen, Memorandum of Law, Affidavit, and Assertion of Violation of 28 U.S.C. § 1915(b)(4)," (ECF No. 13); (4) "Plaintiff's Demand for Jury Trial," (ECF No. 18); (5) a motion to consolidate this action with Plaintiff's previous matter brought under 28 U.S.C. § 2255

and with another pending *pro se* action that he has filed in this court, (ECF No. 19); (6) an "Emergency Motion to Stay Execution of Constitutionally Void Judgment Pending Adjudication of Motion to Vacate and Civil Rights Claim," (ECF No. 20); (7) a "Proposed Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction," (ECF No. 21); (8) a memorandum of law in support of Plaintiff's Order to Show Cause, (ECF No. 22); and (9) a "Declaration . . . in Support of Emergency Motion to Stay Execution of Constitutionally Void Judgment," (ECF No. 23).

The Court construes Plaintiff's claims for damages against the United States of America as brought under the Federal Tort Claims Act ("FTCA"); his claims for damages against the individual Defendants as brought against them, in their personal capacities, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); and his claims for injunctive and declaratory relief as seeking relief under 28 U.S.C. § 2255, that is, asking the court to vacate, set aside, or correct the federal sentence previously imposed on him in this district.

By order dated July 23, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses Plaintiff's claims for damages as frivolous, severs from this action Plaintiff's claims for § 2255 relief, and transfers his

[1] While Plaintiff may no longer be held in a facility, as it appears that he is no longer held in the abovementioned RRC and may be serving a term of supervised release at a private residence, under the Prison Litigation Reform Act ("PLRA"), he is considered a prisoner. Under that statute, which, among other things, amended the IFP statute, 28 U.S.C. § 1915, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program," § 1915(h). This includes a person held in an RRC. *See Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (in passing the PLRA, "Congress placed a constraint on suits filed by all litigants who could be characterized as prisoners, *regardless of the type of facility in which they are imprisoned*[,]" including "*all facilities in which prisoners are held involuntarily as a result of violating the criminal law*" (emphasis added)). A plaintiff is a prisoner for the purposes of the PLRA if, under the abovementioned definition, he is a prisoner at the time of the filing of his complaint. *See Gibson v. City Mun. of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) (citation omitted). Thus, since Plaintiff filed his complaint while held in an RRC, under the PLRA, he is considered a prisoner for the purposes of this action.

claims for § 2255 relief to the United States Court of Appeals for the Second Circuit as a second or successive § 2255 motion.

## I. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## II. BACKGROUND

### A. Plaintiff's Complaint and Supplement

The following facts are drawn from the complaint and its supplement[2]: Defendants Mead and Xiang were the prosecutors in Plaintiff's previous criminal action in this court. Plaintiff asserts that Judge Cote "and other Defendants . . . acted as judicial supervisors acted personally by participation or a causal connection between their actions of the supervising official to [Plaintiff's] alleged constitutional [and] civil right[s] violation." (Compl. at 4.) He also states that Defendants' "change of facts on criminal defense counsel motion for withdrawal produced a total[lly] different

[2] The Court quotes from the complaint and supplement verbatim. All spelling, grammar, and punctuation are as in the complaint and supplement unless noted otherwise.

conclusion of laws." (*Id.* at 5.) The "conclusion of law was misapplied causing [Plaintiff] irreparable harm to result 'unlawful detainer' unconstitutional incarceration." (*Id.*) The "bias of Judge . . . Cote result[ed] [in] procedural default under constitutional violations." (*Id.* at 7.) In addition, the "actions of Defendants and Criminal Defense Counsel's withdrawal motion constitute improper termination of lawyer's authority to act for the client." (*Id.* at 9.) The "withdrawal motion filed by criminal defense attorney was made on good faith and . . . that opinion of Judge . . . Cote supported by prosecuting counsel's violated ethical rules or the law." (*Id.* at 12.)

In his complaint, Plaintiff, in addition to seeking damages, asks the Court to "issue a writ of habeas corpus mandating that [his] unconstitutional criminal . . . judgment and sentence be reversed." (*Id.* at 19.) He also asks the Court to declare "that the [Defendants'] conduct [was] unconstitutional and illegal." (*Id.*) Plaintiff further asks the Court to vacate "all misapplication of law on [him] and cure all circumstances . . . as a result of this injury and harm." (*Id.* at 20.) He additionally asks for a new criminal trial, the overturning of his conviction, and that Judge Cote recuse herself from that criminal action. (*Id.*) Plaintiff asserts that the Defendants conspired to violate his federal constitutional rights. He also asserts that Judge Cote "imposed an illegal sentence." (*Id.* at 25.)

In the supplement to the complaint, Plaintiff asserts that his "criminal defense attorney's motion to withdraw due to an irreconcilable conflict and antagonistic relationship with [Plaintiff] was denied by the trial court." (Suppl. at 2.) This "resulted in procedural errors" and "raises significant constitutional and procedural concerns." (*Id.*) He was "deni[ed] [the] right to counsel at critical stages in trial." (*Id.* at 3.)

**B. Associated Litigation History in this Court and in the Court of Appeals**

In a criminal trial in this court that was presided over by Judge Cote, a jury found Plaintiff guilty of: (1) conspiracy to commit bank fraud, under 18 U.S.C. § 1349; (2) conspiracy to commit

money laundering, under 18 U.S.C. § 1956(h); and (3) aggravated identity theft, under 18 U.S.C. § 1028A(a)(1). Judgment in a Criminal Case at 1, *United States v. Ahaiwe*, No. 20-CR-0179 (S.D.N.Y. Feb. 11, 2022), ECF No. 529. A criminal judgment dated and entered on February 11, 2022, indicates that Judge Cote sentenced Plaintiff to an aggregate 84-month term of imprisonment, to be followed by a 3-year term of supervised release. *Id.* Plaintiff appealed. On June 27, 2023, the Court of Appeals affirmed Plaintiff's judgment of conviction. *United States v. Ahaiwe*, Nos. 21-2491, 21-2946, 21-3082, 22-371, 2023 WL 4196954, at *3 (2d Cir. June 27, 2023) (summary order).

Plaintiff thereafter filed a *pro se* motion to vacate, set aside, or correct his federal sentence under Section 2255. In an Opinion and Order dated January 23, 2025, Judge Cote denied Plaintiff's § 2255 motion on the merits. *Ahaiwe v. United States*, Nos. 1:24-CV-5550 (DLC), 1:20-CR-0179-11 (DLC), 2025 WL 278476, at * 8 (S.D.N.Y. January 23, 2025). Plaintiff appealed Judge Cote's denial of § 2255 relief. On August 18, 2025, the Court of Appeals dismissed that appeal. *See Ahaiwe v. United States*, No. 25-356, 2025 WL 4347511, at *1 (2d Cir. Aug. 18, 2025) (unpublished opinion).

After Judge Cote denied § 2255 relief, Plaintiff filed with the court multiple submissions with respect to his criminal action and § 2255 matter. As a result of the filing of those submissions, in a Memorandum Opinion and Order dated March 13, 2026, Judge Cote issued a filing injunction with respect to that criminal action and § 2255 matter—Judge Cote ordered Plaintiff to "make no further written submissions to" the court with respect to the abovementioned criminal action and § 2255 matter, except that, by April 3, 2026, he could file an objection to those filing restrictions and

> should [he file] any other request for relief not already sought, he must first file a letter no longer than two . . . pages describing the relief he is seeking and the factual

> or legal basis for it, and explicitly requesting permission to file a formal motion. Any such request for relief may not be AI-generated.

*Ahaiwe v. United States*, Nos. 24-CV-5550 (DLC), 20-CR-0179-11 (DLC), 2026 WL 710360, at *3 (S.D.N.Y. Mar. 13, 2026). Judge Cote also ordered the Clerk of Court to "return any submissions to [Plaintiff] that do not meet these specifications or have not been expressly permitted by the [c]ourt." *Id.* Plaintiff filed his complaint commencing this action before Judge Cote imposed the abovementioned filing injunction.

## III. DISCUSSION

### A. Claims Under *Bivens* Against Judge Cote and the "26 other court officials"

This Court must dismiss Plaintiff's claims for damages under *Bivens* against Judge Cote and against the "26 other court officials" under the doctrine of judicial immunity. Under that doctrine, judges are absolutely immune from personal-capacity suit for damages for any actions or decisions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). This doctrine applies when a plaintiff sues a federal judge. *See, e.g.*, *Andrews v. Hall*, Nos. 22-1298(L), 22-1300(Con), 22-1301(Con), 22-1302(Con), 2023 WL 309609, at *1 (2d Cir. Jan. 19, 2023) (summary order) (affirming district court's application of judicial immunity to the plaintiff's claims against federal judges under *Bivens*); *see also Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) ("The same immunity standards apply to both . . . actions [under 42 U.S.C. § 1983 and *Bivens*]."). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Moreover, " the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Courts have extended this immunity from damages to "others who perform functions closely associated with the judicial process," *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985), when they are performing discretionary acts of a judicial nature that are essential to the judicial process, such as court clerks, law clerks, and other court employees, *see Rodriguez v. Weprin*, 116 F.3d 62, 66-67 (2d Cir. 1997) (court clerks); *Oliver v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988) (law clerks); *see also Hubbuch v. Small*, No. 25-956, 2026 WL 471800, at *1 (2d Cir. Feb. 19, 2026) (summary order) (stating that "court employees who perform 'discretionary acts of a judicial nature'" are absolutely immune from damages actions "arising from the performance of a judicial function" (citation omitted)).

Plaintiff's claims under *Bivens* against Judge Cote and against the "26 other court officials" arise from Judge Cote's rulings and decisions made in the course of Plaintiff's abovementioned criminal action and § 2255 matter and, apparently, the 26 other court officials' efforts in assisting Judge Cote with respect to those rulings and decisions. Thus, Plaintiff has failed to allege any facts showing that these Defendants have acted beyond the scope of their judicial responsibilities or outside of their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Inasmuch as Plaintiff sues these Defendants for "acts arising out of, or related to, individual cases before" them, *Bliven*, 579 F.3d at 210, the doctrine of judicial immunity applies to Plaintiff's *Bivens* claims against them. The Court therefore dismisses such claims against these Defendants because, as to such claims, Plaintiff seeks monetary relief from defendants who are immune from such relief, *see* § 28 U.S.C. § 1915(e)(2)(B)(iii), and because such claims are frivolous, *see* § 1915(e)(2)(B)(i); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

## B. Claims Under *Bivens* Against Defendants Mead and Xiang

To the extent that Plaintiff asserts claims under *Bivens* against Defendants Mead and Xiang arising from their criminal prosecution of Plaintiff, this Court must dismiss such claims under the doctrine of prosecutorial immunity. Under this doctrine, prosecutors are immune from personal-capacity civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)); *Bouchard v. Olmstead*, 775 F. App'x 701, 702-03 (2d Cir. 2019) (summary order) (affirming district court's application of prosecutorial immunity to claims against federal prosecutors under *Bivens*). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and prosecutors were therefore shielded by absolute immunity).

Here, Plaintiff's claims against Defendants Mead and Xiang appear to be based on their actions that were within the scope of their official duties as prosecutors (litigating in Plaintiff's criminal proceedings before Judge Cote as prosecutors), and were associated with the conduct of a trial. This Court therefore dismisses Plaintiff's claims under *Bivens* against these Defendants under the doctrine of prosecutorial immunity, for seeking monetary relief from defendants who are immune from such relief, *see* § 1915(e)(2)(B)(iii), and because such claims are frivolous, *see*

§ 1915(e)(2)(B)(i); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (holding, for the purposes of the IFP statute, that a claim dismissed under the doctrine of prosecutorial immunity is deemed frivolous).

**C. Claims Under the FTCA Against the United States of America**

The Court must dismiss Plaintiff's claims for damages brought against the United States of America. These claims are construed as brought under the FTCA, which provides for a waiver of sovereign immunity for certain claims for damages against the United States of America arising from the tortious conduct of federal officers or employees acting within the scope of their federal offices or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1), 2680.

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain a claim under the FTCA against the United States of America. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Thus, before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity, and he must generally receive a final written determination from that entity. *See* 28 U.S.C. § 2675(a). This administrative exhaustion requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Plaintiff alleges nothing to suggest that he filed an administrative claim with any federal agency regarding the alleged actions. The Court, therefore, dismisses Plaintiff's claims under the FTCA against the United States of America under the doctrine of sovereign immunity, *see* § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

**D. Claims for Relief Under 28 U.S.C. § 2255**

The Court construes Plaintiff's remaining claims for injunctive and declaratory relief—claims for relief that essentially challenge Plaintiff's abovementioned criminal conviction and sentence—as seeking relief under 28 U.S.C. § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (§ 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). Plaintiff, however, has already challenged his abovementioned criminal conviction and sentence in a § 2255 motion that Judge Cote denied on the merits. *See Ahaiwe*, 2025 WL 278476, at *8.

A submission is a second or successive § 2255 motion when a previous § 2255 motion challenging the same conviction or sentence was adjudicated on the merits. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize a submission as a second or successive § 2255 motion without providing the litigant an opportunity to withdraw the submission. *See Jiminian*, 245 F.3d at 148. Because Plaintiff previously filed a § 2255 motion that was decided on the merits, the Court recharacterizes any claims in the present complaint and supplement in which Plaintiff challenges his conviction and sentence in the abovementioned criminal action as a second or successive § 2255 motion.

Before a litigant may file a second or successive § 2255 motion in a federal district court, authorization from the appropriate court of appeals is required. *See* 28 U.S.C. § 2244(b)(3)(A). Plaintiff has not shown that he has received authorization from the United States Court of Appeals for the Second Circuit to file his second or successive § 2255 motion. He must therefore request permission to pursue it from the Court of Appeals. Because second or successive § 2255 motions should be transferred to the appropriate court of appeals, *see Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996), in the interest of justice, the Court severs from this action and transfers those claims in Plaintiff's complaint and supplement in which he challenges his abovementioned

conviction and sentence to the Court of Appeals, as a second or successive § 2255 motion, *see* 28 U.S.C. § 1631; Fed. R. Civ. P. 21.

**E. Leave to Amend is Denied**

Federal district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, this Court declines to grant Plaintiff leave to file an amended complaint.

## IV. CONCLUSION

This Court dismisses this action for the reasons set forth in this order. This Court construes Plaintiff's claims for damages against the United States of America as brought under the FTCA and dismisses them for seeking monetary relief from a defendant that is immune to such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). This Court construes Plaintiff's claims for damages brought against the individual Defendants as brought under *Bivens*, and dismisses them for seeking monetary relief from defendants that are immune to such relief, *see* § 1915(e)(2)(B)(iii), and because such claims are frivolous, *see* § 1915(e)(2)(B)(i).

The Court severs Plaintiff's remaining claims for injunctive and declaratory relief, *see* Fed. R. Civ. P. 21, and transfers them to the United States Court of Appeals for the Second Circuit as a second or successive motion brought under 28 U.S.C. § 2255, *see* 28 U.S.C. § 1631.

The Court therefore directs the Clerk of Court to sever those claims and transfer them to the Court of Appeals.

Because such claims make no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

Accordingly, the Court denies all pending motions and requests in this action. The Court therefore directs the Clerk of Court to terminate ECF Nos. 12, 13, 15, 19, and 20.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

Dated: August 18, 2026
New York, New York

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge